Virgil L. MUSSER et al.,
Plaintiffs-Appellants,

v.

Gordon MORTON, Auditor of Medina County, Ohio et al.,
Defendants-Appellees.

No. 79–3335.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 10, 1980.
Decided Jan. 21, 1981.

R. Patrick Riley, Peck, Shaffer & Williams, Cincinnati, Ohio, Theodore M. Rowen, Spengler, Nathanson, Heyman, McCarthy & Durfee, Toledo, Ohio, for plaintiffs-appellants.

James R. Unger, Prosecuting Atty., Stark County, Ohio, Loren E. Souers, Jr., Canton, Ohio, for Bowman.

Stephen M. Gabalac, Prosecuting Atty., William E. Schultz, Akron, Ohio, for Poda.

Richard B. Hauser, Huron County Prosecuting Atty., Norwalk, Ohio, for Reed.

R. David Picken, Madison County Prosecutor, London, Ohio, for Weiner.

Jeffrey R. Ingraham, Asst. Prosecuting Atty. of Mercer County, Ohio, Celina, Ohio, for Timmerman.

Nick Batt, Toledo, Ohio, for Reed, Knick, Roderer, Guth, Rymer, Buskman, Myers, Hall, Slater, Sutton, Shaw, Thomas, Olenick, Couladis, Hoffman, Kunkel, Wright, Frank, Walter, Patterson, Beard, Dixon, Bateson, Kanuckle, Smith, Galvin, Canestrard, Timmerman, and Kinsey.

Stephen A. Wolaver, Asst. Prosecuting Atty., Xenia, Ohio, for Shaw.

Arthur M. Elk, Prosecuting Atty., Ashland, Ohio, for Ryland.

David E. Smith, Asst. Prosecuting Atty., Springfield, Ohio, for Glass.

Peter R. Seibel, Prosecuting Atty. of Defiance County, Ohio, Defiance, Ohio, for Linebrink.

John E. Moyer, Prosecuting Atty. of Erie County, Ohio, William E. Didelius, Sandusky, Ohio, for Schweinfurth.

Roger R. Ingraham, Prosecuting Atty., Medina County, Ohio, Medina, Ohio, Thelma L. White, Auditor of Shelby County, Ohio, Sidney, Ohio, William J. Ahrns, Auditor of Henry County, Ohio, Napoleon, Ohio, Kenneth Bell, Auditor of Columbiana County, Ohio, Lisbon, Ohio, William Krimbell, Auditor of Crawford County, Ohio, Bucyrus, Ohio, James H. Hoover, Auditor of Jackson County, Ohio, Jackson, Ohio, for defendants-appellees.

Before WEICK, and MERRITT, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

MERRITT, Circuit Judge.

Plaintiffs, who are local legislative officials elected or re-elected in 1974 as county commissioners in Ohio, claim that a state constitutional provision that creates a pay differential between them and persons elected or re-elected in 1976 violates their federal equal protection rights. Under the provision they receive less pay than officials elected two years later. They seek the compensation allegedly due them as well as injunctive and declaratory relief. The District Court denied their motion for summary judgment and granted defendants' motion.

The salary structure of county commissioners is subject to Article II, Section 20 of the Ohio Constitution, which provides that "[t]he General Assembly ... shall fix ... the compensation of all officers; but no change therein shall affect the salary of any officer during his existing term, unless the office be abolished." This provision prevents raising or lowering the pay of commissioners during their term of office.

Commissioners are elected to staggered four-year terms. In November 1976, midway through plaintiffs' terms, the Ohio General Assembly granted the commissioners a pay raise. The raise affected commissioners who had just been elected to take office in January 1977, but because of the constitutional provision it did not affect plaintiffs at that time. The raise would affect them only if they were re-elected in 1978. They argue that the distinction between them and the commissioners elected in 1976 is irrational.

In a decision involving a similar constitutional provision affecting common pleas judges, the Supreme Court of Ohio justified the rule on three grounds:

The purpose of the [rule] is to make sure [1] that the judge and the electorate are

advised before he is appointed or elected what his compensation will be, with the assurance that it cannot be changed by the Legislature during the term; [2] that the judge is precluded from using his personal influence or official action to have the Legislature increase his salary; and [3] that at the same time he is protected against the Legislature and the people from decreasing his compensation after his term begins.

*State v. Guckenberger*, 139 Ohio St. 273, 278, 39 N.E.2d 840, 843 (1942). These justifications apply in this case. They supply a rational basis for the distinctions the constitutional provision creates.

Accordingly, the judgment of the District Court is affirmed.